```
                                                    FILED
                                              U.S. DISTRICT COURT
                                            EASTERN DISTRICT OF LA

                                              2000 DEC -6  PM 2:04

                                               LORETTA G. WHYTE
                                                    CLERK
```

MINUTE ENTRY
WILKINSON, M.J.
DECEMBER 6, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIRK RICHARD | CIVIL ACTION |
| VERSUS | NO. 00-58 |
| WILLIAM DALEY ET AL. | SECTION "B" (2) |

**HEARING ON MOTION**

APPEARANCES:  None (on the briefs)

MOTION:       Defendant Canadian National/ Illinois Central Railroad ("the Railroad") Co.'s Motion to Designate Rebuttal Expert

O R D E R E D:

__XXX__ : GRANTED, subject to the conditions contained herein. The factors set out in Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998), and Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 999 (5th Cir. 1998), for determining whether to permit designation of expert witnesses past the deadlines set in the Court's previous orders should be applied to this motion. Those factors include (1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice.

DATE OF ENTRY
DEC 0 6 2000

In this instance, the Railroad's explanation for failure to identify the witness earlier is compelling. The Railroad was a late addition to this lawsuit, having been named as a defendant by late amendment permitted under the liberal policies of Fed. R. Civ. P. 15. Thus, the Railroad was subjected to a truncated discovery schedule not faced by the other parties. It was not apparent that an expert of the type now designated by the Railroad was necessary to its defense until its co-defendant, not plaintiff, identified a similar expert whose testimony is clearly aimed at assigning liability to the Railroad. The Railroad's late addition as a defendant in this case, permitted by the court, is a compelling reason why the court should now also permit the late designation of the expert witness requested by the Railroad. The testimony of the proposed expert is important. There is no potential prejudice in allowing the testimony, since the co-defendant opposing this motion already has an expert witness who will testify in support of its case concerning these same matters, and there is time before trial to require full disclosure and permit full discovery of the opinions of the newly designated expert and the facts and reasoning on which he bases those opinions. Thus, a continuance of the trial is not necessary to cure any prejudice, since a continuance of the deadlines for requiring expert disclosure and completing discovery to allow the deposition of the Railroad's expert is readily available.

Granting of this motion is subject to the following conditions: (1) The Railroad's expert witness must provide his written report pursuant to Fed. R. Civ. P. 26(a)(2), no later than **December 15, 2000**. (2) The deadline by which all other parties to this lawsuit may take the deposition of this expert witness, if they desire to do so, is hereby extended through and including **January 5, 2001**. The Railroad must make this witness available to be deposed on a mutually convenient date to be determined by counsel, if the other parties desire to take this deposition.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

cc:    HON. IVAN L. R. LEMELLE