FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 DEC 12 PM 4: 32

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRK RICHARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0058** |
| **ARNOLD TRANSPORTATION SERVICES, ET AL.** | **SECTION "B" (2)** |

### ORDER AND REASONS

Before the Court is Defendant Arnold Transportation Services and Roy Skidmore's Motion in Limine to exclude any reference to Roy Skidmore's termination or Arnold's finding that the accident was preventable (Rec. Doc. No. 63). For the following reasons, the motion is **GRANTED in part and DENIED in part.**

As a general rule, evidence of remedial measures taken by a defendant after an accident is not allowed. Federal Rule of Evidence 407 provides:

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent remedial measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Rule 407 restricts admissibility to purposes unrelated to negligence or culpable conduct in connection with the incident which forms the basis of the litigation.

DATE OF ENTRY
DEC 1 3 2000

Fee
Process
X /Dktd
CtRmDep
Doc.No.

Accordingly, post-accident disciplinary action taken by Arnold Transportation regarding Skidmore (*i.e.,* his termination because the accident was preventable) constitutes a remedial measure, which is inadmissible under Rule 407. *Villalba v. Consol. Freightways Corp. of Delaware,* Civ. A. No. 98 C 5347, 2000 WL 1154073, at *5-*6 (N.D Ill. Aug. 14, 2000) (citing *Specht v.. Jensen,* 863 F.2d 700, 701-02 (10th Cir.1988); *Hull v. Chevron U.S.A., Inc.,* 812 F.2d 584, 586 (10th Cir 1987); *Maddox v. City of Los Angeles,* 792 F.2d 1408, 1417 (9th Cir. 1986); *Jumper v. Yellow Corporation,* 176 F.R.D. 282, 284-85 (N.D. Ill.1997); *Wanke v. Lynn's Transp. Co.,* 836 F. Supp. 587, 595 (N.D. Ind. 1993)). As such, evidence of Skidmore's termination is not admissible to establish Defendant Arnold Transportation's negligence or culpability concerning the accident at issue.

Nevertheless, the evidence may be used rebut allegations of CNIC's or the plaintiff's comparative fault. In *Rimkus v. Northwest Colorado Ski Corporation,* 706 F.2d 1060, 1066 (10th Cir. 1983), the court found that evidence of post-accident remedial measures was admissible to rebut evidence of plaintiff's contributory negligence because of the purpose of Rule 407. "Rule 407 prohibits the admission of evidence of subsequent repairs when that evidence is introduced for the purpose of proving negligence of the defendant. Where it relates to the alleged contributory negligence of plaintiff it should not be considered prejudicial. Indeed, where any other purpose exists the jury should be allowed to hear and consider the evidence." Similarly, evidence of the termination may be offered for impeachment or any other reasons stated in Rule 407. *Scurlock Marine, Inc. v. W.W. Patterson Co.,* No. Civ. A. 95-528, 1997 WL 573405 (E.D. La. Sept. 12, 1997).

Further, the investigation which led to the finding that the accident was preventable as well as the actual finding that the accident was preventable are not remedial efforts under Rule 407. Rule 407 does not apply to post-accident investigations, tests, and evaluations. *Prentiss & Carlisle Co.,*

*Inc. v. Koehring-Waterous Div. of Timberjack, Inc.*, 972 F.2d 6, 10 (1st Cir. 1992). Thus, evidence regarding Arnold Transportation's investigation and analysis of the accident and the conclusion that the accident was preventable are admissible. Accordingly,

**IT IS ORDERED** that Defendant Arnold Transportation Services and Roy Skidmore's Motion in Limine to exclude any reference to Roy Skidmore's termination or Arnold's finding that the accident was preventable (Rec. Doc. No. 63) is **GRANTED in part and DENIED in part**. Evidence and references to Roy Skidmore's termination is inadmissible to establish Defendant Arnold Transportation's negligence or culpability concerning the accident at issue. It may, however, be admitted if offered for another purpose. Evidence of Arnold Transportation's post-accident investigation and conclusion that the accident was preventable is admissible.

New Orleans, Louisiana, this 11th day of December, 2000.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE