

MINUTE ENTRY
LEMELLE, J.
May 31, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIRK RICHARD | CIVIL ACTION |
| VERSUS | NO. 00-0058 |
| ARNOLD TRANSPORTATION SERVICES, ET AL. | SECTION "B" (2) |

TRIAL PREPARATION ORDER

On this date, the Court held the final pre-trial conference in this matter with the following counsel in attendance: John H. Denenea, Jr. for the plaintiff and Timothy F. Daniels, Brent A. Talbot, and John F. Olinde for the defendants. The following items were discussed, determined and **ORDERED**:

(1) Any motions in limine which the parties wish to file are untimely. The Scheduling Order of May 16, 2000 provides that motions in limine must be filed and heard *before* the final pretrial conference. It reads on page one as follows:

> All pre-trial motions, including motions in limine regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing





*thereon no later than **45** days prior to the trial date. Any motions filed in violation of this order shall be deemed waived unless good cause is shown. All other motions in limine shall be filed in sufficient time to be noticed for hearing no later than **10** days prior to the pretrial conference.*

(Rec. Doc. No. 16) (emphasis added). Because the pretrial conference has already occurred, no motion in limine could possibly comport with the Scheduling Order. Accordingly, any party desiring to file a motion in limine at this juncture shall present evidence of "good cause" to justify hearing the belated motion.

(2) The parties are encouraged to reach stipulations concerning the proposed testimony of some of the witnesses, particularly the expert witnesses. The stipulations will apply to the substance of the proposed testimony and not to the veracity of that testimony. Any stipulations should be submitted (with an original and one copy) to chambers on or before **June 18, 2001.**

(3) On or before **June 18, 2001,** counsel for all parties are to prepare and submit to the Court two (2) copies of two Joint Bench Books which shall contain:

(a) An index of all exhibits listing and numbering all exhibits sequentially and noting specific objections thereto. All "un-objected to" exhibits shall be placed in one book, and the "objected to" exhibits shall be placed in the second book. In a separate document to be submitted to the Court the day after the filing of the index of exhibits, the offering party must briefly respond to each objection in 2-3 sentences.

2

(b) All exhibits are to be included in the Joint Bench Books and tabbed. Each individual exhibit exceeding 5 pages in length shall be individually paginated.

(c) The exhibit books shall be labeled with the name and telephone number of attorneys as well as the case and volume number on the outside.

(d) All Joint Bench Books shall be picked up by counsel no later than the first Friday after the completion of the trial, unless this matter is taken under advisement.

(4) Any discovery that will be used as an exhibit must be specifically identified; for example, the exact Interrogatory and corresponding Answer. Likewise, other documents such as regulations or portions of files must be specifically identified.

(5) All pre-trial memoranda shall be submitted in writing no later than **June 18, 2001**. All contested issues of law shall be briefed. Counsel shall submit an original and one copy of each to Chambers.

(6) (a) On or before **June 18, 2001**, counsel for all parties are to prepare and submit joint proposed special jury charges, special voir dire questions, and jury interrogatories. If a party objects to a proposed charge or interrogatory, that party shall note the objection in a footnote to the proposed charge or interrogatory and cite to any legal authority in support of the objection.

(b) Counsel shall submit an original and one copy of the proposed charges and interrogatories to Chambers. In addition, the

pretrial memorandum as well as the proposed voir dire for the Court to convey, charges and interrogatories shall be submitted on 3½ inch floppy disk which shall be returned to counsel after trial upon request.

(7) If any video depositions are to be used at trial, the offering party must submit a copy of the transcript to this Court by **June 20, 2001.** Additionally, any video deposition must be edited so as to delete all objections and colloquy of counsel, and there shall be no "dead" video or audio spots in the video deposition. If the parties cannot amicably resolve all of the objections, the offering party must submit a transcript of the deposition to this Court by **June 20, 2001** with the disputed objections highlighted and the Court will promptly rule thereon so that the video deposition can be edited as described prior to trial. A copy of the "clean" video deposition shall be submitted prior to trial.

(8) Any transcribed deposition testimony to be used at trial shall be submitted no later than **June 20, 2001.** All objections and colloquy shall be deleted and all offered testimony highlighted. In the absence of agreement on objections, counsel shall submit a copy of the deposition with a brief statement specifying the objection and reason therefore no later than **June 20, 2001,** and the Court will promptly rule so that a copy of the "clean" deposition can be submitted prior to trial.

4

(9) Any objections as to the admissibility of a document or the ability of a witness to testify based upon noncompliance with any deadline shall be raised by written motion filed no later than **June 18, 2001** with oppositions thereto due **June 19, 2001**. Counsel shall submit an original and one copy of each to Chambers. Any objection to the admissibility of any exhibit which is not raised in the pretrial order or briefed by this deadline shall be deemed waived.

(10) If the parties wish to bring any electronic equipment into the court for use during trial, they shall submit a letter to the Court no later than **June 18, 2001**. Similarly, if the parties will need to use any Court equipment (*i.e.*, elmo, easel, x-ray box) for displaying demonstratives or exhibits, they shall send a letter to the Court no later than **June 18, 2001** so that the Court personnel can determine if the equipment is available and make the necessary reservations.

(11) Jury trial shall commence on **June 25, 2001,** at 8:30 a.m.

(12) The parties shall continue to pursue amicable resolution of this matter.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

5